IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON,

    Petitioner,                    No. CIV S-03-1150 LKK EFB P

    vs.

TOM CAREY,

    Respondent.                 ORDER

_____/

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He requests an evidentiary hearing.

For the reasons explained below, the court finds that petitioner has failed to demonstrate the need for an evidentiary hearing.

Petitioner makes the following claims: (1) the prosecution breached the terms of the plea agreement resulting in a 1989 conviction by relying upon it to seek an enhanced sentence in this case; (2) using the 1989 conviction violates the *Ex Post Facto* clause of the Eighth Amendment; (3) use of his 1989 burglary conviction to increase his current sentence violates the Double Jeopardy Clause of the Fifth Amendment; (4) the prosecutor violated the Due Process Clause of the Fourteenth Amendment by failing to disclose a letter from an official at the California Medical Facility showing petitioner had been "discharged from the Department of Corrections Civil Addict Commitment."

1     A federal court will grant an evidentiary hearing in a section 2254 proceeding if the
2 petitioner (1) alleges facts which, if proved, would entitle him to relief; and, (2) demonstrates
3 that he did not receive a full and fair hearing in state court, either at the time of the trial or in a
4 collateral proceeding.  *Karis v. Calderon*, 283 F.3d 1117, 1126-27 (9th Cir. 2002).
5     Some of the facts petitioner alleges are true, i.e., that he entered into a plea agreement
6 resulting in a 1989 burglary conviction, for which the trial court sentenced him to two years in
7 prison but permitted him to participate in a civil drug diversion program.   It is not clear whether
8 the prosecution suppressed the letter to which petitioner refers.  Nevertheless, for the reasons
9 explained in the findings and recommendations issued concurrently, the court finds that
10 assuming all the facts petitioner alleges are true, he is not entitled to relief as a matter of law.
11 Therefore, petitioner is not entitled to an evidentiary hearing.
12     Accordingly, it is ORDERED that petitioner's December 2, 2003, motion for an
13 evidentiary hearing is denied.
14 Dated: November 15, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE