IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON,

    Petitioner,                      No. CIV S-03-1150 LKK EFB P

    vs.

TOM CAREY, Warden,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the petition filed May 29, 2003. Respondent has answered and petitioner has replied.

       For the reasons explained below, the court finds petitioner fails to establish that he is entitled to a writ of habeas corpus.

Procedural History

       On November 1, 1995, petitioner was charged[1] with 11 counts of residential robbery and one count of possession of a controlled substance. *See* Cal. Pen. Code § 211, 212.5 (West 1988); Cal. Health & Safety Code § 11350 (West 1991). With respect to counts two, three, six and seven, the state sought enhanced penalties upon the ground that petitioner personally used a

---

[1] The information is at pages 14-28 of the 1996 Clerk's Transcript.

deadly weapon, and with respect to counts three, six and seven the state sought enhanced sentencing upon the ground the victim's age made him vulnerable. *See* Cal. Pen. Code §§ 12022(b), 667.9(b) (West Supp. 1995). With respect to all counts, the state sought enhanced penalties based upon petitioner's 1989 conviction of residential burglary, his prison term served for a 1991 possession of narcotics conviction, and his prison term served for a 1992 attempted burglary conviction. *See* Cal. Pen. Code §§ 667, 1170.12, 667.5(b) (West Supp. 1995).

On April 19, 1996, following a jury trial, petitioner was convicted of four counts of residential robbery and one count of possession of narcotics. CT. of 1996 at 402-03. With respect to two of the residential robbery counts, the jury found that petitioner personally used a firearm and the victim's age made him vulnerable. CT. of 1996 at 287-323. Petitioner waived trial by jury on the existence of the prior convictions, and the court found that the allegations were true. RT. of 1996 at 1128.

Petitioner appealed and on April 27, 1998, the state appellate court affirmed the convictions but found that the trial court failed to exercise the discretion required by state law[2] with respect to enhancing the sentence based upon petitioner's 1989 burglary conviction. Respondent's Exhibit A; RT. of 1996 at 4. On remand, the trial court struck petitioner's 1989 burglary conviction. RT. of 1998 at 30. The state appealed that ruling and on April 11, 2000, the appellate court found that the trial court abused its discretion by striking the conviction, and again remanded for resentencing. Respondent's Exhibit B. On remand, petitioner argued that the 1989 judgment could not be used to enhance his sentence because instead of serving a prison term he was committed civilly in a drug abuse diversion program from which he had been discharged in 1991. RT. of 2001 at 5. The trial court rejected petitioner's argument and found that the 1989 burglary conviction should not be stricken pursuant to *Romero*. RT. of 2001 at 8.
////

---

[2] *See People v. Superior Court (Romero)*, 53 Cal.Rptr.2d 789, 791 (Cal. 1996).

The trial court also found that the burglary conviction could be used to enhance the sentence on petitioner's current convictions. Petitioner appealed and on May 13, 2002, the appellate court found error in applying one of the vulnerability enhancements, struck it, modified the sentence and affirmed the judgment in all other respects. Respondent's Exhibit C.

Petitioner filed a petition for a writ of habeas corpus in the trial court, which denied relief October 2, 2002. Respondent's Exhibit H. Petitioner filed a habeas petition in the appellate court, which denied relief on January 23, 2003. Respondent's Exhibit H. Petitioner sought habeas relief in the California Supreme Court, which denied relief on April 30, 2003. Respondent's Exhibit I.

On June 2, 2000, in the midst of the litigation about petitioner's sentence, petitioner filed an application for a writ of habeas corpus in this court challenging the judgment of conviction. Respondent's Exhibit G. This court denied relief on September 10, 2003. Respondent's Exhibit G.

Petitioner commenced this action on May 29, 2003.

Procedural Defense

Respondent contends that this action should be dismissed upon the ground the petition is second or successive. A district court must not consider a claim presented in a second or successive petition unless the appellate court grants petitioner an order authorizing the district court to consider it. 28 U.S.C. § 2244(b)(2), (b)(3)(A). A petition is second or successive if it presents a claim that was or could have been adjudicated on the merits in an original petition. *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001). Where a petitioner is "compelled by [] resentencing to re-file for post-conviction relief in the state courts and for habeas relief in federal court, " the challenges to the new sentence could not have been presented in the original petition and therefore the new petition is not "second or successive." *See Richmond v. Ricketts*, 774 F.2d 957, 960 (9th Cir. 1985) (challenge to death sentence imposed in resentencing proceeding pursuant to a grant of federal habeas relief did not violate former Rule 9(b) of the

Federal Rules Governing Section 2254 Proceedings governing second or successive petitions).

Petitioner filed his original application on June 2, 2000, during his third resentencing. This court denied relief on the merits on September 10, 2003, about four months after the California Supreme Court denied habeas relief with respect to the third resentencing. Petitioner could not have challenged his sentence in the original petition and, accordingly, the May 19, 2003, petition is not "second or successive."

Habeas Corpus Standards

This court cannot grant habeas relief unless the state court's adjudication resulted in a decision that was contrary to or an unreasonable application of federal law as clearly established by the United States Supreme Court or in a decision that was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(1), (2). A decision is contrary to clearly established federal law if the state court applies incorrect legal authority, or if it applies correct authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 413-14 (2000). A decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle but applies it to the facts of the prisoner's case in a manner that is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "Clearly established federal law" is defined as the holdings of the United States Supreme Court existing when the state court issued its decision. *Williams*, 529 U.S. at 412. Circuit law is "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law. *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

Where the state court summarily denies relief without comment, the district court will look to the last reasoned state decision on the issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991). If none exists, the district court must independently review the record to determine whether the state ruling was contrary to or an unreasonable application of clearly established

4

federal law. *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000).

Petitioner's Claims

Petitioner claims that the prosecution has breached the terms of the plea agreement resulting in the 1989 conviction by relying upon it to seek an enhanced sentence in this case. Respondent contends that an inherent consequence of a plea is the use of the resulting conviction to lengthen the sentence for a later conviction and since the consequence is collateral, he did not have a right to be advised of that possibility. Answer at 7-8. No state court issued a reasoned decision on this claim and this court will independently evaluate it under *Delgado*, 223 F.3d at 981-82.

The Due Process Clause of the Fourteenth Amendment entitles a criminal defendant to enforce a plea agreement. *Sontbello v. New York*, 404 U.S. 257, 261-62 (1971). Construction and interpretation of state court plea agreements are, "within broad bounds of reasonableness, matters of state law." *Rickets v. Adamson*, 483 U.S. 1, 6 n.3 (1987). Under California law, a negotiated plea agreement is a contract and is interpreted pursuant to general contract principles. *People v. Shelton*, 37 Cal.4th 759, 767 Cal.Rptr.3d 354 (2006). Therefore, a California prisoner's plea agreement must be interpreted "in accordance with state contract law." *Buckley v. Terhune*, 441 F.3d 688, 695 (9th Cir. 2006). In determining the parties' obligations and rights under a contract, "[a] court must first look to the plain meaning of the agreement's language." *Buckley*, 441 F.3d at 695, *citing*, Cal. Civ. Code §§ 1638, 1644. Although there was a plea agreement, petitioner does not allege its terms. Traverse, Exhibit I at 2, 4. The court cannot determine the parties' obligations without the agreement's terms and petitioner has failed to demonstrate he is entitled to relief on this claim.

Petitioner also claims that using the 1989 conviction violates the *Ex Post Facto* Clause of the Eighth Amendment to the Constitution. On habeas, the trial court determined that Cal. Pen. Code § 667 is not retroactive "merely because it draws upon facts antecedent to its enactment for its operation." Respondent's Exhibit H.

5

1    The *Ex Post Facto* Clause forbids passage and application of laws that retroactively alter
2 the definition of crimes or increase the punishment for criminal acts. *Calif. Dept. of Corr. v.*
3 *Morales*, 514 U.S. 499, 504 (1995). To raise the specter of an *ex post facto* violation, a statute
4 must operate retrospectively, meaning it increases the punishment for an offense after the
5 conduct constituting the offense. *Johnson v. United States*, 529 U.S. 694, 699 (2000). The
6 statutes at issue here increase the penalty for the *current* offense based upon conduct for which
7 the defendant already has been convicted and punished. Cal. Pen. Code §§ 667, 1170.12 (West
8 Supp. 1995). It does not alter the nature or consequences of the prior conduct and, accordingly,
9 it does not act retrospectively. Therefore, no *ex post facto* question arises. The state court's
10 decision was not contrary to or an unreasonable application of federal law. Petitioner is not
11 entitled to relief on this claim.

12    Petitioner claims that the use of his 1989 burglary conviction to increase his current
13 sentence violates the Double Jeopardy Clause of the Fifth Amendment. He asserts that as a
14 result of the 1989 conviction, criminal proceedings were suspended and he was placed in a drug
15 rehabilitation program and never served the two-year prison sentence. Respondent contends that
16 use of a prior conviction does not implicate the Double Jeopardy Clause. No state court issued a
17 reasoned decision on this claim and this court will independently evaluate it under *Delgado*, 223
18 F.3d at 981-82.

19    The Double Jeopardy Clause protects against a second prosecution for the same offense
20 after acquittal, a second prosecution for the same offense after conviction and against multiple
21 punishments for the same offense. *United States v. DiFrancesco*, 449 U.S. 117 (1980); *North*
22 *Carolina v. Pearce*, 395 U.S. 711 (1969). Enhancement statutes do not change the penalty
23 imposed for prior convictions and a valid prior conviction may be used to increase the penalty
24 for a new conviction. *Nichols v. United States*, 511 U.S. 738, 747 (1994). Here, a 1989
25 conviction was used to lengthen the prison term imposed for 1995 convictions. Petitioner has
26 failed to demonstrate a violation of the Double Jeopardy Clause and he is not entitled to relief on

this claim.

Petitioner claims the prosecution violated the Due Process Clause of the Fourteenth Amendment by failing to disclose a letter from an official at the California Medical Facility showing petitioner had been "discharged from the Department of Corrections Civil Addict Commitment," and a copy of the 1989 judgment and sentence with "discharged" written across the middle of the page. Respondent contends that petitioner cannot show the letter would have made a difference to the outcome. No state court issued a reasoned decision on this claim.

The prosecution must disclose to the defense evidence that is material and favorable to the accused with respect either to guilt or to punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence is favorable if it would reduce the penalty. *See Brady*, 373 U.S. at 87-88. Evidence is material if there is a reasonable probability that the outcome would have been different if it had been disclosed, meaning "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the" outcome. *Kyles v. Whitley*, 514 U.S. 419, 435 (1994). It does not matter to the analysis whether the evidence was suppressed intentionally or inadvertently. *United States v. Agurs*, 427 U.S. 97, 110 (1976).

At the 2001 resentencing, petitioner argued that the 1989 conviction had been discharged and the trial judge ruled based upon the law and not a lack of evidence. Thus, no *Brady* violation occurred. Nevertheless, the court also addresses the question of materiality, which depends upon California's sentencing scheme.

The trial court doubled the principle term for which it was to sentence petitioner pursuant to sections 1170.12 and 667[3] of the California Penal Code. Section 1170.12 permits enhancement of the sentence on a current felony conviction if the defendant "has one or more prior felony convictions." Cal. Pen. Code § 1170.12 (West Supp. 1995). Residential burglary is a serious felony based upon which subsequent sentences may be enhanced. Cal. Pen. Code §§

---

[3] Petitioner was eligible for sentencing under section 667, but this section yields to harsher provisions, such as section 1170.12. Cal. Pen. Code § 667(a)(2).

1170.12(b), 1192.7(c )(18) (West. Supp. 1995).  For purposes of § 1170.12(a), the *prior conviction*, as opposed to a prior *prison term*, is the ground for enhancement.  *See People v. Traina*, 215 Cal.Rptr. 213, 215 (Cal. App. 1985) (making this distinction between Cal. Pen. Code § 667 and § 667.5).  The statute specifies that "commitment to the California Rehabilitation Center or any other facility whose function is rehabilitative diversion from the state prison" "shall [not] affect the determination that a prior conviction is a prior felony for purposes of this section."  Cal. Pen. Code § 1170.12(b)(1)(D) (West. Supp. 1995).  Since the 1989 *conviction* and not the penalty is the basis of petitioner's enhanced sentences, it does not matter that petitioner served time in civil commitment and was discharged without serving a prison term.  The letter to which petitioner refers would not have made a difference to the outcome.  Petitioner is not entitled to relief on this claim.

Accordingly, it is hereby RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 15, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE