IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NYLES LAWAYNE WATSON,

   Petitioner,      No. CIV S-03-1150 LKK EFB P

 vs.

TOM L. CAREY, et al.,

   Respondents.     FINDINGS AND RECOMMENDATIONS

   Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On November 15, 2006, the assigned magistrate judge issued findings and a recommendation concluding that petitioner is not entitled to the relief sought and that his petition be denied. The district judge referred the matter back to the undersigned to determine what effect, if any, the Supreme Court's ruling in *Cunningham v. California*, 127 S.Ct. 856, 870-71 (2007), which was decided after the findings and recommendations were issued, may have on petitioner's claims. The court has carefully evaluated petitioners's claims in light of *Cunningham*, and for the reasons explained, finds that the petitioner's claims do not implicate the issues decided in *Cunningham*.

////

////

1

I.     **Procedural History**

Petitioner's May 29, 2003, petition claims the following: (1) the trial court's enhancement of petitioner's current sentence based, in part, on a conviction resulting from a 1989 plea agreement violates that plea agreement; (2) enhancing petitioner's sentence based on a prior conviction and sentence for which the petitioner had completed the sentence violates the *Ex Post Facto* clause; (3) enhancing his current sentence based on having been convicted of a crime and serving a term at the California Rehabilitation Center violated the Double Jeopardy Clause; and, (4) the prosecution withheld materially exculpatory evidence related to petitioner's sentence in violation of the Fourteenth Amendment as articulated in *Brady v. Maryland*, 373 U.S. 83, 87 (1963). In findings and recommendations issued November 15, 2006, this court recommended denying habeas relief. On January 22, 2007, before the district judge completed the required *de novo* review of this case, the United States Supreme Court issued an opinion holding that California's Determinate Sentencing Law ("DSL") violates the Sixth Amendment. *Cunningham v. California*, 127 S.Ct. 856, 870-71 (2007). Thus, on January 26, 2007, the district judge remanded the matter for a determination of whether petitioner raised any claims implicating the holding in *Cunningham*, and if so whether petitioner would be entitled to relief. As stated above, the court finds that it does not.

II.    **Facts**

The facts of this case are stated in the November 15, 2006, findings and recommendations. The court will repeat only those facts relevant to the question of whether petitioner challenges his sentence under *Cunningham*. On November 1, 1995, petitioner was charged[1] with 11 counts of residential robbery and one count of possession of a controlled substance. *See* Cal. Pen. Code § 211, 212.5 (West 1988); Cal. Health & Safety Code § 11350 (West 1991). Residential robbery is punishable under the DSL. *See* Cal. Pen. Code § 213. With

---

[1] The information charging the petitioner is at pages 14-28 of the 1996 Clerk's Transcript.

2

1 respect to counts two, three, six and seven, the State sought enhanced penalties upon the ground
2 that petitioner personally used a deadly weapon.  As to counts three, six and seven the State
3 sought enhanced sentencing upon the ground the victim's age made him vulnerable.  *See* Cal.
4 Pen. Code §§ 12022(b), 667.9(b) (West Supp. 1995).  With respect to all counts, the State sought
5 enhanced penalties based upon petitioner's 1989 conviction of residential burglary, his prison
6 term served for a 1991 conviction of possession of narcotics, and his prison term served for a
7 1992 attempted burglary conviction.  *See* Cal. Pen. Code §§ 667, 1170.12, 667.5(b) (West Supp.
8 1995).  On April 19, 1996, following a jury trial, petitioner was convicted of four counts of
9 residential robbery and one count of possession of narcotics.   CT of 1996 at 402-03.  With
10 respect to two of the residential robbery counts, the jury found that petitioner personally used a
11 firearm and the victim's age made him vulnerable.  CT of 1996 at 287-323.   Petitioner waived
12 trial by jury on the existence of the prior convictions, and the court found that they in fact
13 existed.  Reporter's Transcript ("RT") of 1996 at 1128.

14     Petitioner appealed and on April 27, 1998, the state appellate court affirmed the
15 convictions but found that the trial court failed to exercise the discretion required by state law
16 with respect to enhancing the sentence based upon petitioner's 1989 burglary conviction.[2]
17 Respondent's Exhibit A; RT of 1996 at 4.  On remand, the trial court struck petitioner's 1989
18 burglary conviction.  RT of 1998 at 30.  The State appealed that ruling and on April 11, 2000,
19 the appellate court found that the trial court abused its discretion by striking the conviction, and
20 again remanded for resentencing.  Respondent's Exhibit B.  On remand, petitioner argued that
21 the 1989 judgment could not be used to enhance his sentence because instead of serving a prison
22 term he was committed civilly in a drug abuse diversion program from which he had been
23 discharged in 1991.  RT of 2001 at 5.  The trial court rejected petitioner's argument and found
24 that the 1989 burglary conviction should not be stricken pursuant to *Romero*.   RT of 2001 at 8.

---

[2]  *See People v. Superior Court (Romero)*, 53 Cal.Rptr.2d 789, 791 (Cal. 1996).

1 The trial court also found that the burglary conviction could be used to enhance the sentence on
2 petitioner's current convictions. Petitioner appealed and on May 13, 2002, the appellate court
3 found error in applying one of the enhancements, struck it, modified the sentence and affirmed
4 the judgment in all other respects. Respondent's Exhibit C.

**III.    Standards**

As noted, the Supreme Court in *Cunningham* held that California's DSL violates the Sixth Amendment. *Cunningham*, 127 S.Ct. at 870-71. The holding was based squarely on the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), i.e., except for the existence of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." California's DSL "specifies three possible terms," for many offenses, and requires that the trial judge "order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." Cal. Pen. Code §1170(b). As evidence of facts to be considered as mitigating or aggravating, the trial court may rely on probation reports, the prosecution's written sentencing recommendations, or written statements from the victim. *Id.* Thus, the statute permits a trial court to impose the greatest of the three terms specified if it finds from this evidence any number of circumstances, such as there having been multiple victims or that the defendant has engaged in a pattern of conduct posing a danger to others. *See People v. Blade,* 281 Cal.Rptr. 161 (Cal. App. 1991) (burglary of home wherein the taking of property of three separate individuals occurred supported imposing the upper term); *People v. Leung*, 7 Cal.Rptr.2d. 290 (Cal. App. 1992) (pattern of conduct showing "readiness" to commit similar crimes). After reviewing the DSL, the Supreme Court found, "[a]n element of the charged offense, essential to a jury's determination of guilt, or admitted in a defendant's guilty plea, does not qualify as such a circumstance." *Cunningham*, 127 U.S. at 868. Moreover, any aggravating circumstances "are found by the judge, not the jury, and need only be established by a preponderance of the evidence." *Id.* Under *Apprendi*, such a sentencing scheme is unconstitutional. *Cunningham*,

4

127 S.Ct. 870-71; *Apprendi*, 530 U.S. at 490.  With these principles in mind, the court turns to the question of whether this petition involves a challenge under *Cunningham*.

**IV.     Analysis**

In this action, petitioner challenges his sentence on four grounds.  First, he alleges that relying on a conviction resulting from a 1989 plea agreement violates that plea agreement.  Pet., at 5.  It appears that in this claim, petitioner objects to the use of a prior conviction for which he has completed his sentence as a basis for enhancing the sentence for his current convictions.  The crux of petitioner's argument is that he had been discharged from the earlier sentence.  Thus, the claim does not implicate *Cunningham*.

However, insofar as he wishes to make a claim under *Cunningham*, the claim fails.  It is important to note that a trial court may rely on the existence of a prior conviction to lengthen a sentence beyond the statutory maximum, even if this fact is not proved to a jury beyond a reasonable doubt.  The reasoning for this is that recidivism ordinarily is not related to the current offense and it is a traditional basis for a judge to increase an offender's sentence.  *Jones v. United States*, 526 U.S. 227, 249-250 (1999); *Almendarez-Torres v. United States*, 523 U.S. 224, 230 (1998).

Second, petitioner alleges that the sentence on count six, first degree robbery, was doubled based on his having served time at the California Rehabilitation Center.  Pet., at 5; *see* CT at 402.  This, he claims, violated the *Ex Post Facto* Clause because he had completed his sentence and had been discharged therefrom at the time the trial court used it to enhance the sentence on the current conviction.  *Id.*  Again, the claim depends on a prior conviction and sentence, not on a fact that constituted a part of the offense for which he was committed.  Therefore, *Cunningham* is not implicated.  For like reason, petitioner's third claim, i.e., relying on his California Rehabilitation Center commitment to increase his sentence violated the Double Jeopardy Clause in no way suggests a claim under or entitlement to relief pursuant to *Cunningham*.

In his fourth claim, petitioner alleges that the State withheld material, exculpatory evidence with respect to his sentence in violation of the Fourteenth Amendment as explained in *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Pet., at 6. Petitioner argues that the prosecution hid from the defense a fact from the plea agreement, i.e., he had completed his sentence and had been discharged, thereby fulfilling his obligations under the plea agreement. Pet. at 6. Nothing about the facts petitioner alleges suggests that he believes the trial court relied on evidence which should have been submitted to the jury. Rather, the allegations are that the prosecution withheld evidence of which the trial court should have been aware with respect to a fact the judge constitutionally could find, i.e., a prior conviction and sentence. Thus, the court finds that petitioner did not in this claim intend to challenge his sentence under *Apprendi*; and, therefore, *Cunningham* has no application.

It is significant here that a habeas petitioner, even one proceeding without counsel, must allege with some specificity the facts which he believes entitle him to relief. 28 U.S.C. § 2242 (petition must "allege the facts concerning the applicants commitment or detention"). The court is, however, mindful that it must "construe *pro se* habeas filings liberally." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). Having re-examined petitioner's allegations in light of these principles, the court cannot construe the petition to make a claim that implicates *Cunningham*. Again, the elements of such a claim are that the sentence exceeds the statutory maximum, i.e., the middle term under the DSL, based on some fact or facts, other than the fact of a prior conviction, but were not pled, submitted to the jury and proved beyond a reasonable doubt. Even stripping away petitioner's legal characterizations of his claims, i.e. breach of a plea agreement and violations of the *Ex Post Facto* clause, the Double Jeopardy clause and principles of due process as articulated in *Brady v. Maryland*, the court cannot find that petitioner intended to make a claim under *Apprendi*, which then would implicate *Cunningham*.

////

////

To have done so, at the very least petitioner would have had to allege, or at least suggest, that the trial judge considered evidence that should have been submitted to the jury in order to justify imposing a sentence greater than the statutory maximum.  Petitioner makes no such allegation. Therefore, the court finds that petitioner makes no claim that implicates the decision in *Cunningham*.

Accordingly, it is RECOMMENDED that the court find that the ruling in *Cunningham v. California*, 127 S.Ct. at 870-71, has no effect on this petition and, as explained in the earlier Findings and Recommendation filed on November 15, 2006, the petitioner is not entitled to the relief sought.

These supplemental findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 15 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 13, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE